**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1956
_____

IN RE:  ARI BAILEY,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. Nos. 3-11-cv-00577, 3-15-cv-01554,
3-17-cv-00441, and 3-17-cv-02105)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 7, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: June 14, 2018)
_____

OPINION*
_____

PER CURIAM

Ari Bailey is a plaintiff/petitioner in the civil actions docketed at M.D. Pa. Civ.

Nos. 11-cv-00577, 15-cv-01554, 17-cv-00441, and 17-cv-02105.  Presently before us is

Bailey's "petition for a writ of prohibition or mandamus," essentially seeking to have

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court Judge Richard P. Conaboy recuse himself in the above-referenced proceedings. See Pet. at 1. We will deny the petition.

Although Bailey characterizes his filing as a petition for a writ of prohibition or mandamus, it can be considered a petition for a writ of mandamus inasmuch as he requests that we order the District Judge to recuse himself. Moreover, the same standard applies regardless of how the petition is viewed. See United States v. Santtini, 963 F.2d 585, 593-94 (3d Cir. 1992) (noting that the requirements are the same for obtaining either writ); In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (explaining that "the form is less important than the substantive question of whether an extraordinary remedy is available") (internal quotations omitted).[1]

Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). A writ of mandamus should not issue where relief may be obtained through an ordinary appeal. In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998).

Bailey has not shown that the issuance of an extraordinary writ is warranted. In his petition, which is far from a model of clarity, he alleges generally that the District

---

[1] We have explained that "a writ of mandamus may appear more appropriate when the request is for an order mandating action, and a writ of prohibition may be more accurate when the request is to prohibit action[.]" In re Sch. Asbestos Litig., 921 F.2d at 1313.

2

Judge showed "partiality and preference" toward government prosecutors and employees, and issued decisions and orders that were in "conflict" with Supreme Court precedent, Third Circuit case law, and the local rules for the Middle District of Pennsylvania. See Pet. at 2. Bailey's allegations appear to rest on the District Court's factual and legal determinations in resolving the various filings submitted in his cases. However, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Bailey's recourse for any dissatisfaction with the District Court's disposition of motions, complaints, and petitions filed in his actions must be had through the appellate process after the court's entry of a final order.[2] See In re Chambers Dev. Co., Inc., 148 F.3d at 226 (mandamus relief is not available as a substitute for an appeal).

While a mandamus petition is a proper means of challenging the refusal of a District Judge to recuse pursuant to 28 U.S.C. § 455, see In re Sch. Asbestos Litig., 977 F.2d at 775-76, when a judge has yet to refuse a request for recusal, it cannot be said that the petitioner has no recourse but to seek the extraordinary remedy of mandamus from this Court. See In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003). From a review of the dockets in Bailey's actions, there appears no indication that he has sought recusal in the District Court. Moreover, relief is not appropriate here in any event

---

[2] We note that Bailey is no stranger to the appeal process. See, e.g., C.A. Nos. 17-1207, 17-3644, and 18-1383.

3

because Bailey's petition does not establish that a reasonable person, with knowledge of all the facts, would conclude that the District Judge's impartiality might reasonably be questioned. See 28 U.S.C. § 455(a); Liteky v. United States, 510 U.S. 540, 555 (1994); In re Kensington Int'l Ltd., 353 F.3d at 220; see also In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (holding that recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation").[3]

Finally, Bailey's complaints about the D.C. Circuit Court of Appeals' judgment, see Pet. at 7, have no place in a mandamus petition filed in this Court. Accordingly, we will deny Bailey's mandamus petition.

---

[3] Bailey asserts that he is seeking to have Judge Conaboy recuse himself under 28 U.S.C. § 144 as well. However, mandamus will not lie to review the denial of a recusal motion filed under § 144. See In re Sch. Asbestos Litigation, 977 F.2d at 774-76; Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc). Accordingly, the use of mandamus to correct any failure on the part of Judge Conaboy to recuse himself is precluded.

4